THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* THE ULSTER AND DELAWARE RAILROAD COMPANY, RESPONDENT.

*Board of Railroad Commissioners — power of, to give a certificate dispensing with the further extension of a railroad — an action by the people, to annul the corporation, does not preclude its so doing — its reasons for so doing not reviewable — additional allowance — tax on franchise not a basis therefor.*

Chapter 236 of the Laws of 1889, amending chapter 430 of the Laws of 1874, authorizing the Board of Railroad Commissioners to certify that the public interests do not require that a railroad corporation should extend its railroad beyond that portion thereof actually constructed at the time that title to the road has been acquired by it, is not an assumption of judicial power upon the part of the legis-

lature, nor is it unconstitutional as conferring judicial power upon the Board of Railroad Commissioners.

The fact that an action has been brought and is pending on behalf of the people to annul the charter of the railroad corporation, because of its failure to complete its road in accordance with the requirements of its certificate of incorporation, does not affect the right or restrict the power of the Railroad Commissioners to give a certificate under such acts.

The courts have no power to pass upon the reasons given for the issuing of such a certificate by the Railroad Commissioners.

Evidence of the amount of taxes paid by the railroad company, under chapter 361 of the Laws of 1881, upon its corporate franchises, is not competent proof of the value thereof, nor does it afford a basis for determining the amount upon which an extra allowance may be computed.

APPEAL by the People of the State of New York, the plaintiff, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 24th day of May, 1890, with notice of an intention to bring up for review, upon such appeal, both questions of law and of fact.

The action was brought to annul the defendant's charter on the ground that it had not completed its railroad within the time required by law.

Upon the trial, which was had at the Albany Circuit on the 15th day of January, 1890, the jury, by direction of the Court, found a verdict for the defendant. An additional allowance of $1,500 was also granted by the court to the defendant.

*E. Countryman*, for the appellant.

*J. E. Burrill*, *George Zabriskie* and *Edwin Young*, for the respondent.

LEARNED, P. J. :

We have nothing to do in this case with the alleged bad faith or breach of contract in the dealings of the Rondout and Oswego Railroad with the town of Harpersfield. That town is not the plaintiff.

The only question is whether the people have a right to annul the charter of the Ulster and Delaware Railroad Company for the failure to construct a certain part of the route originally laid out. We do not consider it necessary to decide the question whether the defendant, taking title under the foreclosure of a mortgage made by the Rondout and Oswego Railroad Company (or New York,.

Kingston and Syracuse Railroad Company) and organizing under chapter 430 of the Laws of 1874, became bound to complete the road as originally laid out. We have great doubt whether it came under any such liability. But, as we think there is a conclusive defense to this action, we deem it best to pass the question above mentioned.

Chapter 236 of the Laws of 1889 adds a new section to chapter 430, Laws of 1874, being the reorganization act. This declared that nothing therein contained shall be construed to compel a corporation organized under that act to extend its road beyond the portion thereof constructed at the time the corporation acquired title, provided the Board of Railroad Commissioners should certify that the public interests did not require such extension.

It provided that if such certificate should be made the corporation should not be deemed to have incurred any obligation so to extend its road; and that such certificate should be a bar to any proceedings to compel it to make such extension or to annul its existence for failure so to do, and should be final and conclusive in all courts and proceedings whatever. Under this statute the defendant petitioned the Railroad Commissioners. Notice of the presentation of the petition was published and was served on the town of Harpersfield, which had been the active party in instigating the present action. On the 24th of June, 1890, the board made and filed its certificate in compliance with said act. This is set up by defendant in an amended answer.

Now, it is plain that this certificate is a bar to this action unless the plaintiff can show some reason why the statute does not apply or why it should be held unconstitutional or void. The plaintiff insists that the statute is void because it assumes judicial power. We do not think that the language that the reorganization act "be construed to compel a corporation" to do a certain thing is an assumption of judicial power. It is simply a mode of stating the meaning of the legislature in making the amendment. But the further language that the certificate when made should be a bar to proceedings like the present is certainly not open to the objection that it assumes judicial power in construing statutes.

Further, the plaintiff insists that this act is unconstitutional in giving judicial power to the Board of Railroad Commissioners. We do not see that judicial power is given to the board. Administra-

tive duties often require an administrative officer to decide on the proper course of action, and for that purpose to ascertain what are the facts in the matter before him.    But he is not, therefore, exercising judicial functions.    In the present case the people have the right to annul the charter, if they show good cause.    The legislature, has the right, in behalf of the people, to refuse to annul the charter, even if there be good cause.    And it has a right to say that the charter shall not be annulled and that the corporation shall be relieved from any obligation which it might have owed to the State to do a certain act.    Such being the right of the legislature, we see no reason why it may not authorize a board of its adminstrative officers to inquire what the public interests demand in that respect, and to decide whether the public interests do or do not require the corporation to do a certain act.    The only parties are the people speaking through the legislature, on the one hand, and the corporation on the other.    We have no occasion to say, if there were a controversy between the corporation on the one side and some individual on the other, whether the legislature could compel the submission of that controversy to this board.    That does not arise here.    It is only the State itself which says, if our Board of Railroad Commissioners certify that the public interests do not require the building of a certain piece of road, then it need not be built.

Very possibly the legislature could not declare that a certificate of the Railroad Commissioners should be a bar to an action by one private individual against another.    But it is certainly competent for the State to surrender any right of action which it may have.    It could declare that no action on its behalf for the annulling of a charter should be further prosecuted.    So here the legislature has declared that if the Board of Railroad Commissioners give a certificate, then the State will not further prosecute its action.

The legislature is certainly competent to stop a litigation which is prosecuted on behalf of the State.    There is no interference with the judicial power when a plaintiff declines further to prosecute his case.    And this statute, by which the legislature says that a certain certificate of State officers shall put an end to State prosecution, does not interfere with any judicial authority.

There is no need of a discussion about the power of the legis-

lature to enact laws which shall take effect upon certain conditions, or upon its power to delegate legislative functions, for there is nothing in this statute but a waiver of a forfeiture, or, in other words, a refusal to annul a charter. The legislature authorizes certain boards to convey the property of the State, as, for instance, land under water. Cannot it authorize another board to give a certificate which shall practically waive a forfeiture which no one but the State could enforce? The State has frequently, by statute, extended the time within which a corporation was to build a road. This was a waiver of the forfeiture for not building. And a statute of that kind would be a bar to an action for forfeiture, if such an action should be commenced, or if such an action were pending. The State is not bound to enforce a forfeiture, and if it waives a forfeiture, no private individual or body can object.

It seems to us that the error on the part of the plaintiff's counsel is in the application of very sound and important doctrines. If this were a controversy between two private individuals, it might well be doubted whether the legislature could enact that a certificate of Railroad Commissioners should be a bar. But the real meaning and plain effect of the statute are simply that the State will not continue a litigation when its own board of officers have said that the public interests do not require it. The Attorney-General stands in the strange position of insisting upon prosecuting an action for the State which the State has said shall be barred. Of course, this is explained by the not unusual circumstances that the Attorney-General allows some other party to use his name of office. But that other party, the town of Harpersfield, has no right to enforce a forfeiture which the State has waived, or to seek to annul a charter on grounds which the State has declared shall not be a cause for such annulling.

The plaintiff further insists that the reasons given by the Board of Railroad Commissioners for its certificate are not satisfactory. It was not bound to give any reasons, though this was a very proper course. But it is not in our power to review the action of the board, even if we thought its reasons improper or insufficient, which we do not. It is enough that the statute makes the certificate, not the reasons, conclusive and a bar.

The judgment of the learned justice is correct and should be affirmed, with costs.

Another question is presented by the appeal from the order granting an extra allowance. There is no doubt that the case is one in which an extra allowance was proper. But the plaintiff urges that there was no proof of the value of the corporate franchise, and that only upon that value could the allowance be based. (*Conaughty* v. *Saratoga County Bank*, 92 N. Y., 401.)

The defendant, to show the value of this franchise, showed the taxes which it had paid for several years under the statute, chapter 361, Laws of 1881, etc. The defendant claims that these statutes impose a tax on corporate franchises, and not on corporate property. (*People* v. *Home Ins. Co.*, 92 N. Y., 328.) That hence the valuation on which the tax is assessed must be a measure for the franchise taxed. Now the statute may impose a tax on an amount which shall greatly exceed the real value of the franchise. The mode in which a corporation is assessed under these statutes merely determines the amount at which, for the purpose of taxation, its franchise shall be estimated.

We think that this assessment does not bind the State as to the actual value of the franchise when such value had to be ascertained on the motion. Not only does it not bind the State, but we do not see that it is evidence. The question before the learned justice was, what was the value involved, that is, what was the value of the franchise. And upon that point these several taxations of the defendant do not seem to us to be evidence.

We think, therefore, that the order should be reversed only on the ground that the value of the franchise was not shown.

The judgment must be affirmed, with costs; order of extra allowance reversed on the ground that the value of the franchise was not shown.

LANDON and MAYHAM, JJ., concurred.

Judgment affirmed, with costs; order for extra allowance reversed on ground that there is no proof of value of franchise.