---

In the Matter of the Application of THE NEW HAMBURGH AND POUGHKEEPSIE CONNECTING RAILROAD COMPANY for the Certificate Required by Section 59 of the Railroad Law.

*Application to Railroad Commissioners, under chapter 676 of 1892 — how reviewed on appeal — what justifies a refusal of the commissioners to give a certificate.*

Where, pursuant to section 59 of article II, chapter 676 of the Laws of 1892, an application has been made to the State Board of Railroad Commissioners for a certificate that public convenience and necessity required the construction of a certain railroad, and it has been refused, an application to the General Term for a review of such decision must be treated as a review of a decision of a subordinate tribunal, and not as if it were an original application, and the petitioner must show affirmatively that the commissioners erred in their determination.

The proposed road was intended to run through a city and cross several of the principal streets at grade. It was shown on the application to the Railroad Commissioners that the road could not be constructed except with grade crossings.

*Held,* that this objection was valid and sufficient, and that the determination of the commissioners upon the application, based upon this objection, was such that the court could not say that they erred in their decision ;

That the convenience of railway facilities might be purchased at too great a price when the safety of travelers on the highway was put in substantial jeopardy thereby.

APPLICATION by the directors of The New Hamburgh and Pough-keepsie Connecting Railroad Company, pursuant to section 59 of article II of chapter 676 of the Laws of 1892, for an order directing the State Board of Railroad Commissioners to issue the certificate to said company required by said section.

The application was made as an original application upon a certified copy of the proceedings had before the Board of Railroad Commissioners, and not as an appeal, under the statute, which provides that " after a refusal to grant such certificate the board shall certify

a copy of all maps and papers on file in its office, and of the findings of the board, when so requested by the directors aforesaid. Such directors may thereupon present the same to a General Term of the Supreme Court of the department within which said road is proposed, in whole or in part, to be constructed, and said General Term shall have power in its discretion to order said board, for reasons stated, to issue said certificate, and it shall be issued accordingly."

The proposed railroad was to run from New Hamburgh to the city of Poughkeepsie, and its route passes through the village of Wappinger's Falls, which has a population of 5,000 inhabitants, with large manufacturing interests, consuming large quantities of coal, lumber and freight annually.

There is no railroad within two and one-half miles of the said village.

The opposition to the road was made by the city attorney of the city of Poughkeepsie, and was based simply upon the ground that the road crossed certain streets in the city of Poughkeepsie at grade.

CULLEN, J.:

This is an application under section 59 of the General Railroad Law for an order directing the State Board of Railroad Commissioners to issue a certificate that public convenience and necessity require the construction of petitioner's railroad as proposed in its articles of association. By the section referred to a change has been made in the public policy of this State as to railroads. Formerly it was within the power of any body of persons sufficiently numerous, and possessing the requisite capital to construct a railroad at any time between any termini they might select, the route of the road being subject to judicial review or determination, and the consent of the municipal authorities being necessary to obtain a location in a city. Now it is necessary that a certificate shall be granted by the Railroad Commission that public convenience and necessity require the construction of the road. If that is refused an application may be made to the General Term of this court for an order directing the issue of the certificate, which, if granted, must state the reasons therefor. This mode of proceeding, while it grants the court power to review the action of the commissioners, plainly indicates that the court is to treat the application as in the nature of a review of the

decision of a subordinate tribunal and not as it would an original application made to it in the first instance. The burden rests upon the petitioner to show affirmatively that the commissioners erred in their determination, and the commissioners should be credited with some technical knowledge which this court is not presumed to possess.

The petitioner's road is to run from New Hamburgh through Wappinger's Falls to the city of Poughkeepsie. The village of Wappinger's Falls is the seat of some large factories, and it can be assumed that its direct connection with the coal roads passing through Poughkeepsie as well as with the city itself, would be a substantial convenience to its inhabitants and also an advantage to the city. The objection made to the road on behalf of the city is that it will cross several of the principal streets at grade, and it was stated before the commission on behalf of the petitioner that it was not possible to construct the road otherwise than with such grade crossings. We think this objection valid and sufficient. The convenience of railway facilities may be purchased at too great a price when the safety of travelers on the highway is put in substantial jeopardy. No general law has yet been enacted forbidding grade crossings. It may be that none is practicable in this State where the conditions of its territory vary so much from the greatest city in the country to what is almost a wilderness. But it is plain that grade crossings should not be allowed in the cities, or in a densely populated territory, unless the necessity be paramount. It is not necessary to lay down any rule on the subject. It is sufficient to say that it was a consideration the commissioners might well weigh in determining whether to grant the application, and in their determination, based on this consideration, we cannot say that the commissioners erred. It is still within the power of the petitioner, if the topography of the country does not forbid, to modify its location or terminus so as to obviate this objection, and to renew its application, in which case there would seem no valid ground for refusing it.

The application should be denied, with ten dollars costs.

DYKMAN and PRATT, JJ., concurred.

Application denied, with ten dollars costs.