In the Matter of the Application of THE DEPEW AND SOUTHWESTERN RAILROAD COMPANY for a Certificate Required by Section 59 of the General Railroad Law.

*Railroad commissioners — application by two rival roads for a certificate under § 59 of chapter 676 of 1892 — the commissioners act judicially — presumption in favor of their decision — power of the court to review it.*

Two corporations, the Terminal Railway of Buffalo and the Depew and Southwestern Railroad Company, proposed to the Board of Railroad Commissioners lines of railroad having their termini at the same places, to wit, Depew and Blasdell in the county of Erie. The convenience and necessity of a railroad between these places was not questioned. Both corporations took steps in the matter at the same time, but the Depew and Southwestern Railroad Company was incorporated two days before the Terminal Railway of Buffalo. The Board of Railroad Commissioners heard both applications at the same time, granted the application of the Terminal Railway of Buffalo and denied that of the other company. The Depew and Southwestern Railroad Company brought the matter to the General Term upon an application for an order directing the Board of Railroad Commissioners to issue the certificate provided for in section 59 of chapter 676 of the Laws of 1892.

*Held,* that the fact that the Depew and Southwestern Railroad Company was incorporated first gave it no vested right to priority in a case where both the applications were heard at the same time by the Board of Railroad Commissioners;

That the Board, in reaching a conclusion in the matter, must be deemed to have acted judicially, and that the burden was upon the defeated company to show that the Board had erred in its conclusion;

That the decision of the Board was entitled to support, so far as it was fairly justified by the facts, to the same extent as that of any other judicial tribunal whose judgments were subject to review;

That the only question before the General Term was that presented by the refusal of the Board to grant a certificate to the Depew and Southwestern Railroad Company, and that the propriety of granting one to the Terminal Railway of Buffalo could not be considered;

That the court had no power under the statute to reverse the action of the Board and require it to issue a certificate to the Depew and Southwestern Railroad Company.

APPLICATION by the Depew and Southwestern Railroad Company to the General Term of the Supreme Court for a certificate provided by section 59 of chapter 676 of the Laws of 1892, upon a certified copy of all maps and papers on file in the office of the Board of Railroad Commissioners of the State of New York in the matter of the application of said railroad company for such certificate, said board having, by an order made at the capitol in the city of Albany on the 6th day of August, 1895, denied the application of said railroad company for such certificate.

*Wilson S. Bissell,* for the motion.

*Daniel H. McMillan,* opposed.

BRADLEY, J. :

The Depew and Southwestern Railroad Company was duly incorporated, and the termini of its proposed line of railroad were Depew and Blasdell, in the county of Erie. The Terminal Railway of Buffalo was also duly incorporated, and the proposed termini were the same. Each company made application to the Board of Railroad Commissioners for a certificate under the statute, which provides that "no railroad corporation hereafter formed under the laws of this State shall exercise the powers conferred by law upon such corporations or begin the construction of its road * * * until the Board of Railroad Commissioners shall certify," amongst other things, "that public convenience and necessity require the construction of said railroad as proposed in said articles of association." (Laws of 1892, chap. 676, § 59.) The two applications were heard together, and the Board of Railroad Commissioners granted the application of the Terminal Railway and issued a certificate to the effect that the public convenience and necessity required the construction of the railroad proposed by the articles of association of that company. The board denied the application of the Depew and Southwestern Railroad Company. The case was brought here pursuant to the statute, which provides that "after a refusal to grant such certificate the

board shall certify a copy of all maps and papers on file in its office, and of the findings of the board when so requested by the directors," who "may thereupon present the same to a General Term of the Supreme Court of the department within which said road is proposed in whole or in part to be constructed, and said General Term shall have power, in its discretion, to order said board, for reasons stated, to issue said certificate, and it shall be issued accordingly." (Laws of 1892, chap. 676, § 59.)

The convenience and necessity of a railroad from Depew to Blasdell is not questioned, and for the purpose of facilitating the transportation of freight both east and west between New York and Chicago, its importance is apparent. It will shorten the distance between those cities about six miles, and the time required in the transportation of freight about that number of hours, and will obviate the necessity and inconvenience of taking freight cars through the city of Buffalo to interchange with connecting roads. There are five railroads passing through Blasdell to be brought into more immediate or direct connection with four at Depew by the proposed line between those two places. Both companies in their organization complied in all respects with the statute, and did all that was essential preliminary to their respective applications to the board, proceeded in good faith, and had the purpose and ability to construct the roads proposed by their articles of association. But the public convenience and necessity required the construction of only one line of railroad having those termini. The question, as treated by the board, was one of preference between them. In this it is insisted on the part of the Depew and Southwestern Railroad Company, that the board misapprehended its powers given by the statute, and in violation of it issued the certificate in behalf of the Terminal Company; that it was within the province of the board to determine whether or not the public convenience and necessity required a railroad having the proposed termini, and that when that was determined in the affirmative the Depew and Southwestern Company was, by reason of the priority of its corporate creation, entitled to the benefit of the certificate which the board was thereupon required to issue. The directors of both companies proceeded concurrently in the process of organization. While the articles of association of the Terminal Company were executed two days prior to those of the

Depew and Southwestern Company, the latter was, by the filing of them, incorporated two days earlier than was the other company. The application of each of the companies for a hearing was filed with the board the same day, the publication of the articles of association of both companies occupied the same time, the notices for the hearing were given at and for the same time, and the applications were heard together. It may be that the situation presented in this case was not contemplated by the statute. And in case of competing companies in applications made to the board for a certificate under section 59 of the Railroad Law (Laws of 1892, chap. 676), there may be some reason in the matter of fairness and propriety for granting the certificate to the one first incorporated, other things being equal as between them. But it is not seen that there is any vested legal right of any one of two or more companies making applications, concurrently heard and considered by the board, to have the benefit of a certificate upon the determination of such board that public convenience and necessity require the construction of the proposed railroad.

Without the aid of some statute to that effect the priority in such case of corporate existence does not necessarily furnish priority of legal right as against a competing application to the board. There is no statute in support of such a proposition applicable to that stage of the corporate action of a railroad company. While the creation of a railroad corporation is a right to be exercised in the manner provided by the statute, the right to exercise the power of proceeding to the construction of its proposed railroad is subject to and dependent upon the supervisory consideration of the board and its certificate preliminarily made that "public convenience and necessity require the construction of said railroad as proposed in said articles of association." This has reference to the articles of association of some particular company to be mentioned in the certificate. It would not answer the purpose of the statute for the board to certify merely that public convenience and necessity required the construction of a railroad having the termini mentioned. It is to certify that such convenience and necessity require the construction of the road "as proposed in said articles," and the certificate is apparently available only to the company having the

FIFTH DEPARTMENT, DECEMBER TERM, 1895. [Vol. 92.

articles thus mentioned in the certificate. And, although the termini described in the articles of both companies were the same, it may be assumed that, as represented by the maps and profiles, there were some distinguishing features in the route or line of the road as proposed by the two companies. In reaching the conclusion essential to the issuing of a certificate the board acts judicially, and when, after refusal to grant it, the matter is brought to the General Term, the action of the court is in the nature of a review of the determination of the board, and the burden is with the moving company to make it affirmatively appear that the board erred in its conclusion and in its refusal of the certificate upon the facts as presented to it.

The reasons given for the action of the board do not necessarily control the disposition to be made of the case on the review, unless the facts required a different conclusion on the hearing. It is not enough to overcome the refusal there that the facts merely permitted the issuing of a certificate, nor unless the determination of the board was contrary to the clear weight of the evidence. Its judgment is entitled to support so far as it is fairly justified by the facts the same as is that of any other tribunal subjected to review. (*People* v. *Ulster & D. R. R. Co.*, 58 Hun, 267; *Matter of New Hamburgh & Poughk. R. R. Co.*, 76 id. 76; *Matter of Amsterdam, J. & G. R. R. Co.*, 86 id. 578.) The only power of the General Term to reconsider the action of the board is that given by the statute before referred to, and it can be sought and exercised only when the certificate is refused. In the present case it was denied to the Depew and Southwestern Company, and that refusal is subject to review by this court. The propriety of granting the certificate to the Terminal Company cannot be the subject of consideration in this proceeding. The claim urged in behalf of the moving company, that it was not within the power of the board to deny to it the certificate and to grant one to the other company, presents a question which can only be considered and determined elsewhere than on this statutory review.

The suggestion that in this matter the court may reverse the action of the board in granting the certificate and direct it to issue one to the Depew and Southwestern Railroad Company, or require the board to issue a certificate to the latter company and place the

other company in a subordinate relation to it in respect to the right to proceed in the construction of the proposed railroad is not tenable. No such power is within the contemplation of the statute from which the court derives all its power in a proceeding of this character. The issuing of the certificate in behalf of the one company was not the refusal of a certificate in behalf of the other, although it furnished to the board a reason for the denial of one to the latter company. The relative merits of the two companies on whatever grounds or for whatever reasons they may be claimed to exist in favor of one and against the other company as respects their applications to the board are not here for consideration. It was in the power of the board to issue a certificate, and having granted the certificate in behalf of the Terminal Company to refuse a like certificate to the other company. With the certificate issued we have nothing to do except so far as it bears upon the question whether public convenience and necessity require the construction of more than one railroad having the termini before mentioned.

It cannot well be urged that such necessity exists, or that the board was required to issue more than one certificate for that purpose. And since this was done the refusal to grant another certificate to the Depew and Southwestern Railroad Company requires no further consideration.

The application for direction to the Board of Railroad Commissioners to issue a certificate to the applicant should, therefore, be denied.

LEWIS, WARD and ADAMS, JJ., concurred.

Application for direction to the Board of Railroad Commissioners denied.