1. ELECTRIC STREET RAILWAY—GRANT OF CERTIFICATE.
    The grant of a right to build a street surface elevated railroad, connecting several localities of considerable importance, between which there is no direct railroad communication, in territory for the most part within the city of New York, is proper, though the proposed road would in some instances nearly parallel a steam railroad, where it would furnish means of local transportation which were not, and could not well be, furnished by such steam railroad.

2. SAME—GRANT.
    Under Railroad Law, § 59, authorizing the board of railroad commissioners, before granting a certificate for construction of the road, to permit errors, omissions, or defects to be supplied and corrected, a change in the route of an electric street railway, not affecting substantially its character, and made to obviate objections of the local authorities, is such a defect as could be corrected under the powers given under said section; and such change could be disregarded or approved, if made after the filing of the articles, and before the application to the board.

Certiorari by the people, on the relation of the Long Island Railroad Company, to review the determination of the board of railroad commissioners granting to the New York & North Shore Railroad Company a certificate under the railroad law.    Determination of commissioners confirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

William J. Kelly, for relator.

Tracy, Boardman & Platt, for New York & N. S. R. Co.

MERWIN, J.    In December, 1897, the New York & North Shore Railway Company applied to the board of railroad commissioners for a certificate, under section 59 of the railroad law, that public convenience and a necessity required the construction of the railroad it proposed to construct.    In its petition to the board for this purpose, it was, among other things, alleged that on or about the 13th March, 1897, it was duly incorporated under the laws of the state, and that it was organized to construct and operate a street surface railroad in the county of Queens; that, since the filing of its articles of associa-

tion, it had determined to extend its lines of railway, and for that purpose had duly made and filed in the proper offices certificates of certain specified extensions in the villages of Flushing, Whitestone, and Jamaica,—it being stated that the said extensions were intended to be changes of and substitutes for portions of the route set forth in the articles of association, to the extent of such extensions. At the hearing the relator claimed that the proposed road was not required by any public convenience or necessity; that the public was fully accommodated by the road of the relator, and other roads then existing; and that the business of the relator would be seriously injured by the competition of the new enterprise. These were the main, if not the only, issues at the hearing.

A large amount of evidence was taken, presenting the different aspects of the case, and a personal inspection of the route was made by the board. The relator, in effect, claims that the conclusion of the board is not sustained by the evidence. The applicant proposed to construct a street surface railroad, to be operated by electricity. It would connect several localities of considerable importance, between which there was then no direct railroad communication. It was for the most part within the city of New York, as now constituted. There is a large population in the territory accommodated, and it is likely to largely increase. The evidence tended to show that an electric line, such as was proposed, would afford means of local transportation which were not, and could not well be, furnished by the steam railroad of the relator, and that the traffic would be sufficient to support the proposed road without materially affecting the traffic of the relator. The road of the relator and the proposed road were in some places nearly parallel, but that is not a conclusive circumstance. Upon the facts, the question for us to determine is whether the result reached by the board is against the weight of evidence. The same rule as to the preponderance of proof is to be applied as upon an application' to set aside a verdict in an action in the supreme court. Code Civ. Proc. § 2140, subd. 5. The conclusion of the board upon the facts should not, I think, be disturbed.

The relator further claims that the applicant had no lawful right or authority to construct or operate a street surface railroad over the route mentioned in its application, and therefore the certificate should not have been granted. The argument is that the applicant, prior to obtaining a certificate under section 59, had no right to file certificates of extensions, and that, as to the route as modified by such extensions, the railroad commissioners had no right to give their certificate. The certificate in fact given was "that public convenience and a necessity require the construction of the railroad of the New York & North Shore Railroad Company." The nature of these proposed extensions is to be considered. The original articles of association are not in the case. No question seems to have been made at the hearing about them, or about the allegations in the application on the subject of the incorporation of the applicant, or its extensions. In the memorandum and decision of the board, which is attached to and is part of the return, and is in the record before us, there is a reference to the point made by the relator as to the ex-

tensions, taken, presumably, in the brief which at the close of the evidence was authorized to be filed. In discussing that point the board say that it appears that the route upon which applicant proposes to build is somewhat changed from that stated in the articles of association; that these changes were occasioned by refusals of local authorities to consent to the construction of the railroad in certain places; that the applicant filed certificates of extension of its route to cover the changed portions; that the route is substantially the same as stated in the articles of association, the changes being from one street or place in the same direction, and near together; that whatever convenience would be served by the construction of the railroad on the street or place mentioned in the articles is served in the new location, and the railroad is substantially as stated in the articles. Assuming, then, as I think we must, that the road, with its proposed extensions, is substantially as stated in the articles of association, did the board, in granting the certificate, err to the prejudice of the relator? By section 59 of the railroad law, the board, before granting the certificate, have a right to permit errors, omissions, or defects to be supplied and corrected. A change in the route, not affecting substantially its character, and made in order to obviate objections of the local authorities, might well be deemed a defect such as might be allowed to be corrected under the power above given; and such a change might be disregarded or approved, if made after the filing of the articles, and before the application to the board. Acts which the board had a right to allow the applicant to do should not be deemed to be within the limitation prescribed by the same section upon the exercise by the corporation of the powers conferred by law upon such corporations.

It is urged by the relator that the decision of this court in People v. Board of Railroad Com'rs, 4 App. Div. 259, 38 N. Y. Supp. 528, 861, is applicable to this question. I think not. The question there involved was entirely different from the one presented by the situation in this case.

The fact that extensions were filed or proposed that did not substantially change the route did not, I think, furnish a sufficient reason for denying the application.

No other question need be specially considered, and the determination of the board should be confirmed.

Determination of the board of railroad commissioners confirmed, with costs. All concur.