### PEOPLE ex rel. NEW YORK CITY & W. RY. CO. v. BOARD OF R. COM'RS OF STATE OF NEW YORK et al.

(Supreme Court, Appellate Division, Third Department.   March 11, 1903.)

1. BOARD OF RAILROAD COMMISSIONERS—PROCEDURE—DISCRETION AS TO HEARING EVIDENCE.

On an application to the Board of Railroad Commissioners for the certificate, provided for in section 59 of the railroad law (Laws 1890, c. 565, amended by Laws 1892, p. 1395, c. 676), that public convenience and necessity require the construction of the proposed road, it has a very wide discretion as to what evidence it will and what it will not hear.

2. SAME—APPLICATION FOR CERTIFICATE OF PUBLIC CONVENIENCE—RIGHTS OF CONTESTING RAILROADS.

The Board of Railroad Commissioners may grant the certificate provided for in section 59 of the railroad law (Laws 1890, c. 565, amended by Laws 1892, p. 1395, c. 676), that public convenience and necessity require the construction of a proposed railroad, though another road, which has had the legal right to build through the same territory for 15 years, opposes the application, and shows that it is ready and able now to build itself.

3. SAME—WHAT ROADS ENTITLED TO OPPOSE APPLICATION.

A railroad which itself did not show any right to build within the limits of New York City had no standing to object to the issuance to another company of the certificate provided for in section 59 of the railroad law (Laws 1890, c. 565, amended by Laws 1892, p. 1395, c. 676), that public convenience and necessity required the construction of its proposed road within the city.

Certiorari by the people, on the relation of the New York City & Westchester Railway Company, to review the determination of the Board of Railroad Commissioners in granting to the New York & Port Chester Railroad Company a certificate under section 59 of the Railroad Law (Laws 1890, c. 565, amended by Laws 1892, p. 1395, c. 676).   Determination of the board confirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

J. Tredwell Richards, for relator.

William C. Trull, Judson S. Landon, and Frank Sullivan Smith, for respondent.

PARKER, P. J.   This matter comes before this court upon the return to a certiorari, issued upon the petition of the above-named relator, to review the proceedings taken before the Board of Railroad Commissioners upon the application of the New York & Port Chester Railroad Company for a certificate under the provisions of section 59 of the railroad law (Laws 1890, c. 565, amended by Laws 1892, p. 1395, c. 676).

The relator was organized in the year 1887, under the general railroad act of 1850 (Laws 1850, p. 211, c. 140), for the purpose of building a railroad through the same localities in which the proposed line of the applicant company will pass.   It has never built its road, but upon the hearing of this application it appeared before the board and claimed that its organization was still existing, and that it has the right to at once proceed and construct its line.   It took several ob-

jections to the regularity and sufficiency of the applicant's organization, and also offered to give evidence to establish before the board that its own charter was still in full force, that its line was substantially the same line as that of the applying company, that it was about to build upon that line a four-track electric road, and that it had the financial ability to build it. It was permitted to put in evidence its articles of association, and it was practically conceded, for the purpose of such hearing, that its organization was still in force; but, as to all other matters so offered to be proven, the board rejected all evidence thereon, and such company thereupon took an exception. Subsequently the board overruled the objections taken by the relator, and granted to the applying company the certificate asked for; and such relator now asks that, for the errors so committed, the decision of the board be reversed, and the certificate set aside.

The principal objections to the regularity of the applicant's organization were also taken by the New York, New Haven & Hartford Railroad Company, which also appeared upon the hearing before the board, and have been examined, upon a certiorari taken by such company, and a decision overruling the same has been handed down at this term of the court. 81 N. Y. Supp. 20. The same disposition of them is made in this case, for the reasons stated in the opinion therein delivered.

As to the claim, vigorously urged by the relator herein, that error was committed by the board in not allowing it to give evidence upon the several facts offered to be proven, as above stated, I am of the opinion that it is not ground for reversing their determination.

The relator argues that, because such evidence was rejected, the board must have proceeded upon the mistaken theory that, even though it was able and willing to construct the same road that the applicant proposed, nevertheless such fact should have no bearing upon their decision. And it further argues that such a theory is an incorrect one, and results in an unjust and harmful conclusion to its interests.

It does not follow that the board excluded such evidence because they had adopted any such theory. In reaching their conclusion, they have a wide discretion in giving effect to the evidence before them, and a much broader latitude in determining what evidence they will, and what they will not, hear, than is permitted to a court, where parties litigating have the right to insist upon the strict rules of evidence being administered. The real litigants before this board on this hearing were the applicant, on the one side, and the public interests, on the other; and it was the duty of the board to make so broad an inquiry as would enable them to ascertain and satisfactorily determine what such interests demanded. It seems that they should, to a very large extent, be allowed to determine what evidence they believe would be useful to them, and, unless it is very apparent that they have utterly misconceived the real inquiry before them, they should be at liberty to reject such as they do not care to hear.

The relator's counsel very clearly stated to the board what he claimed should result if the facts were established which he offered to prove, and I have no idea that the board misunderstood him. Un-

doubtedly they rejected it upon the theory that, if established, it would not have a controlling influence upon their decision, and upon that question I cannot say that they were clearly wrong. That depends upon many questions of fact, which the board is much better able to pass upon than this court is.

Moreover, upon what theory can the relator claim that, if it had satisfied the board that it was ready and able to build just the precise road that the applicant asked permission to build, the board should have given it the preference? If the relator had already built its road—if it was already serving the public with such a road—it might fairly ask that another be not permitted, on the ground that public necessity did not require it. Then it might urge upon the board that its road should not be paralleled, and its property injured by unnecessary competition. But so long as it has nothing more than the willingness and ability to build the road, has it any just claim to a preference over the other company? A priority of organization does not entitle a company to such a preference. People ex rel. Depew & Southwestern R. Co. v. Board of Railroad Commissioners, 4 App. Div. 259, 38 N. Y. Supp. 528, 861.

The board concluded that the public necessity and convenience then required just such a road as the applicant wanted to build. None such then existed. Was it under any legal obligation to reject that application because a company that had had the legal right to build such a road for the last 15 years had now concluded that it would do so? I am of the opinion that, in its discretion, the board might determine that a certificate should issue to the applicant, and that this court should not interfere with such conclusion.

Beyond all this, I am at a loss to discover how the relator acquires, under its organization, any right to build any road within the limits of New York City. It was organized in 1887 under the general act of 1850, and since the passage of chapter 10, p. 16, of the Laws of 1860, it seems to be the conceded rule that no company claiming an organization and authority under the act of 1850, merely, could build any road within the city. I do not understand that the relator claims or offered to show that it based its authority upon any other act than that of 1850, and hence it does not seem to be in a position to object to the issuance of this certificate.

There are several other objections to the sufficiency of the applicant's certificate. Some of them are met by the suggestion that its original organization is based upon its certificate filed August 20, 1902; and, to the objection that it does not sufficiently describe the "kind of road to be built or operated," I am of the opinion that it is not well taken. Taking the whole certificate together, no mistake can be made upon that question.

I conclude that the determination of the board should be affirmed, with costs. All concur.