(128 App. Div. 814.)

PEOPLE ex rel. SAWYER et al. v. BOARD OF RAILROAD COM'RS OF NEW YORK et al.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

1. RAILROADS (§ 7*)—CONSTRUCTION—CERTIFICATE OF NECESSITY.

A railroad company applied to the Board of Railroad Commissioners for a certificate of necessity, required by Railroad Law (Laws 1892, p. 1395, c. 676) § 59, as amended by Laws 1895, p. 317, c. 545, for the construction

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a railroad along a valuable water front, which was undeveloped agricultural land and which was not then in need of railroad facilities. An order granting the certificate was reversed by the Appellate Division and the Court of Appeals, after which, and after important marine improvements were determined upon by the United States which would render the water front valuable for manufacturing, another corporation was formed to build a railroad on the same route, with the addition of a terminal running northerly, easterly, and southerly of the city of Buffalo and reaching Lake Erie on the south. There was no present necessity for such road, and, if constructed, it would nullify the benefit of a large portion of such contemplated improvements. *Held*, that an order of the Railroad Commissioners granting a certificate of necessity was erroneous.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 7.*]

2. RAILROADS (§ 9*)—SUPERVISION OF PUBLIC OFFICERS—REVIEW.

An order by the Board of Railroad Commissioners granting a certificate of necessity for the construction of a railroad is reviewable on certiorari.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 9.*]

Four writs of certiorari by the People, on relation of four separate relators, namely (1) George P. Sawyer and others, (2) James Amm and others, (3) the Buffalo Frontier Terminal Railroad Company, (4) the New York Central & Hudson River Railroad Company and others, against the Board of Railroad Commissioners and the Buffalo, Lake Erie & Niagara Railroad Company. Motion to quash the writ sued out by relator, the Buffalo Frontier Terminal Railroad Company, denied with costs, and determination of the commissioners granting a certificate of necessity to the Buffalo, Lake Erie & Niagara Railroad Company reversed on law and facts, with costs.

Certiorari in four proceedings: One sued out by George P. Sawyer and others, landowners; a second sued out by James Amm and others, landowners —which two proceedings were consolidated by an order of this court made March 12, 1907; a third sued out by the Buffalo Frontier Terminal Railroad Company; and a fourth sued out by the New York Central & Hudson River Railroad Company, the Delaware, Lackawanna & Western Railroad Company, and the Lehigh Valley Railroad Company. The four proceedings were consolidated by an order of this court made May 7, 1907, under an order providing that the respondents need make but one return to the four writs, which should be deemed a return to each, and such return has been made.

The purpose of these several writs is to review the action of the Board of Railroad Commissioners in granting to the respondent, the Buffalo, Lake Erie & Niagara Railroad Company, a certificate under section 59 of the railroad law (Laws 1890, p. 1082, c. 565), added by Laws 1892, p. 1395, c. 676, and amended by Laws 1895, p. 317, c. 545, that public convenience and a necessity require the construction of its railroad as proposed in its articles of association. It is there described as a steam railroad of standard gauge running from a point on the easterly shore of Lake Erie south of the city of Buffalo in the town of Hamburg; thence easterly in the towns of Hamburg and West Seneca; thence in an easterly and northerly direction east of the city of Buffalo through the towns of West Seneca and Cheektowaga to a point in the town of Amherst; thence in a westerly direction in the towns of Amherst and Tonawanda north of the city of Buffalo to the Niagara river; thence northerly from its intersection with the Niagara river to a point at or near the southwest corner of the city of Tonawanda, and southerly from said point of intersection with the Niagara river to the International Bridge in the city of Buffalo; together with a line or branch along the Niagara river, and approximately parallel with the line along said river above described and easterly therefrom, a total of 37 miles in length.

In 1903 a company known as the Niagara Transfer Company presented its petition to the Board of Railroad Commissioners for a certificate of public convenience and a necessity for the construction of three nearly parallel lines

of railroad along or near the Niagara river front from the northerly part of Buffalo to the southwesterly part of the city of Tonawanda, two of such lines being substantially the same as the two branches of the road along and near the river front, which are now the subject of review. In the course of the proceeding it appeared that the company was not legally organized, and the proceeding was dismissed. A reorganization of the company was thereafter had, and a second application made to the Railroad Commissioners under section 59 of the railroad law, and the application was granted; but on the hearing of a writ to review the action of the Board of Railroad Commissioners in granting that certificate their determination was reversed by the Appellate Division (People ex rel. Amm v. Railroad Commissioners, 103 App. Div. 123, 93 N. Y. Supp. 58), and that decision was affirmed by the Court of Appeals (184 N. Y. 575, 77 N. E. 1194). In June, 1905, while the proceedings for review in that case were pending, the present respondent, the Buffalo, Lake Erie & Niagara Railroad Company, was incorporated in the interest of the same men who were concerned in the Niagara Transfer Company, and for the purpose of promoting practically the same objects. The new company so organized made the present application in 1905 to the Board of Railroad Commissioners for its certificate under said section 59. But in addition to two of the proposed lines of railway mentioned in the former application, one along the Niagara river front, between Buffalo and Tonawanda, and one on the bluff alone the Canal between those places a short distance back from the river front, this application covered a proposed terminal railway running around northerly, easterly, and southerly of the city of Buffalo and ending at a point on Lake Erie southerly of such city, as above described.

The Buffalo Frontier Terminal Railroad Company was organized in 1904, and in that year it made an application to the Board of Railroad Commissioners for a certificate under said section 59 that public convenience and a necessity required the building, maintaining, and operating of a steam railroad of standard gauge from the shore of Lake Erie south of Buffalo to the Niagara river in Tonawanda, about 30 miles in length. The attorneys for the applicant not appearing upon the final submission, the application was denied, but it was renewed after the expiration of a year. Its proposed road runs practically parallel with all that portion of the road proposed by the respondent except those parts thereof bordering the Niagara river, or running nearly parallel therewith along the canal, and also except a spur of the latter road running to the International Bridge. The Board of Railroad Commissioners by a vote of three to two granted the certificate asked for by the respondent, and at the same time, by a like vote, denied the certificate asked for by the Buffalo Frontier Terminal Railroad Company. From the order denying the latter certificate that company has appealed, and the appeal is now pending in the Appellate Division of the Fourth Department for determination.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Simon Fleischman, for relators Amm and others.

Edward W. Hatch, for relator Buffalo Frontier Terminal Railroad Co.

Charles A. Pooley, for relators New York Central & Hudson River R. Co. and others.

Clarence H. Bushnell, for respondent Buffalo, Lake Erie & Niagara R. Co.

CHESTER, J. It seems to us plain that the determination of the Board of Railroad Commissioners in granting the certificate to the respondent, the Buffalo, Lake Erie & Niagara Railroad Company, in the proceedings now under review, cannot be sustained, as, in an important respect, it is contrary to the decision of this court and of the Court

of Appeals in reversing the determination granting the former certificate to the Niagara Transfer Railway Company. (People ex rel. v. R. R. Com'rs, 103 App. Div. 123, 93 N. Y. Supp. 58; Id., 184 N. Y. 575, 77 N. E. 1194.) That decision refused sanction to a like certificate for that portion of the proposed road fronting the Niagara river between Buffalo and Tonawanda, and along the bank of the canal a short distance removed therefrom between such cities. The reasons for reversing the determination granting that certificate were given in the opinion of this court on rendering that decision, and need not be here repeated. It is sufficient to state that the facts which influenced that decision are not materially changed by this record. The only substantial change in the situation is by the addition to the respondent's proposed railroad of that part or terminal running around northerly, easterly, and southerly of the city of Buffalo, and reaching to Lake Erie on the south. That change alone should not, in our opinion, be effective to nullify our decision and that of the Court of Appeals with respect to the important rights which were then involved, and which we think are again involved in substantially the same way in the present application.

Other important reasons also impel us to reverse this determination. It appears that the federal government has entered upon a plan of improving the channel of the Niagara river which involves the construction of a ship canal about 400 feet wide and 23 feet deep, to connect the waters of Lake Erie with the waters of the Niagara river below Black Rock, by going through the old Black Rock Harbor, and which, in combination with the enlarged Erie Canal, will give a waterway adequate for the largest lake vessels from Lake Erie to the deep and quiet waters below the upper rapids of the Niagara river and on down to Tonawanda. One effect of this will be to permit vessels to avoid the rapid current of the river, which at the present time is a serious menace to the navigation thereof and to the commercial interests centering upon it. Greatly increased harbor facilities will also be afforded, and opportunities opened for much additional space for dockage. Several thousand acres of land will also be made available for manufacturing purposes along the water front between Black Rock and Tonawanda. This improvement will cost several millions of dollars, and already Congress has made two appropriations, one of $800.000 and one of $700,000, a considerable portion of which has already been expended. The work will cover a large portion of the river along and near which said respondent proposes to run two of its railroad lines. The testimony shows that if the lines are built they will practically nullify all the benefits sought to be accomplished by the government in making the improvement, and will require the appropriation by such respondent to its uses of much of the lands which would otherwise be made available for manufacturing industries, and will render the remainder of such lands altogether undesirable for such purposes. These portions of the proposed road are protested against by the president of the Buffalo Chamber of Commerce and by its transportation committee, as well as by many prominent citizens interested in promoting the business and commercial welfare of that vicinity. If they are con-

structed, they will practically monopolize all of the remaining water front on the Niagara river between the cities of Buffalo and Tonawanda, to the great detriment of the commercial interests of those cities. Nearly all of that water front, except the part in question, is now occupied and used by other railroads. This fact alone emphasizes the necessity of keeping this part free from a like occupancy and use. At present, as pointed out in the former decision with respect to these portions of the road, there is no public convenience or necessity to be served by any railroad at the places in question, and there is no direct testimony in this record to that effect. It appears clearly to be an effort on the part of the respondent to pre-empt the future. The action of the federal government in this matter was induced in large measure because the state of New York was building the Barge Canal. The good faith of the state is involved to such an extent that the effort to get this remaining portion of the water front of these cities should not be encouraged in the face of the protests mentioned, and after the government has entered upon the construction of the much needed and expensive improvement referred to, and which, to a large extent, would be made valueless in case the respondent or any railroad company should be permitted to secure and occupy this water front.

There is also a motion here on the part of said respondent to quash the writ of certiorari obtained by the Buffalo Frontier Terminal Railroad Company to review the determination of the Board of Railroad Commissioners in granting the certificate in question. In view of the conclusion we have reached in the foregoing discussion of the case on the merits, a decision of this motion cannot be of much consequence, nevertheless, as the motion is here, it must be disposed of. It is urged on behalf of said respondent that under the authority of People ex rel. Depew and Southwestern Railroad Co. v. Railroad Com'rs, 4 App. Div. 259, 38 N. Y. Supp. 528, 861, and of People ex rel. Ticonderoga Union Terminal Railroad Co. v. Railroad Commissioners, 113 App. Div. 894, 99 N. Y. Supp. 1145, it is entitled to have the writ quashed. Those cases are not authorities to that effect. In the Depew Case the writ was sued out, the same as here, by a rival applicant—that is, by the Depew Company—to review the determination of the Board of Railroad Commissioners in granting a certificate to the Terminal Railroad Company and in refusing to grant one to the Depew Company. This court considered the case on the merits, and affirmed the determination of the Railroad Commissioners in granting the certificate to the Terminal Railway Company, and held that the review of the determination in refusing to grant the certificate to the Depew Company could only be had upon an application to the court made pursuant to section 59 of the railroad law, which is a proceeding in the nature of an appeal. The case, therefore, is an authority in favor of sustaining the writ in question here to review the determination in granting the certificate in question. The Ticonderoga Case was one where an attempt was made to review by a writ of certiorari a determination of the Board of Railroad Commissioners in refusing to grant a certificate to the applicant, and this court on motion quashed the writ on the authority of the Depew Case. This was altogether a different proposition from that involved here.

The motion to quash such writ should be denied, without costs, and the determination of the Board of Railroad Commissioners reversed on the law and on the facts, with $50 costs and disbursements to each relator. All concur.